UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| U. S. SECURITIES & EXCHANGE COMMISSION | CIV. ACTION NO. 3:22-01470 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| VERN A. BRELAND | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to strike affirmative defenses [doc. # 7] filed by Plaintiff United States Securities and Exchange Commission (the "S.E.C."). The motion is opposed. For reasons explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### Background

On June 2, 2022, the S.E.C. filed the instant Complaint against Vern A. Breland ("Breland"), the former Mayor of the Town of Sterlington (the "Town"), in connection with the issuance of municipal bonds in 2017 and 2018. (Compl.). According to the Complaint, on April 27, 2017, the Town sold $4 million water and sewer utility revenue bonds ("2017 Bonds"), and on September 28, 2018, sold a $1.8 million refunding bond (refunding two 2015 water and sewer utility revenue bonds) ("2018 Bonds") (collectively, the "Bonds"). *Id*. The Bonds, which were sold in private placements to investors, were represented as intended to finance the development of a water system for the Town and improvements to its existing sewer system. *Id*.

With Breland's approval, the Town applied to the Louisiana State Bond Commission ("SBC") for its approval of these bond offerings on January 18, 2017, and July 18, 2018. *Id*. The S.E.C. contends that the Town submitted false financial projections about the anticipated revenue of the Town's sewer system. *Id*. Furthermore, Breland actively participated in and

knowingly approved the false projections, which were created by the Town's municipal adviser, Twin Spires Financial, LLC ("Twin Spires") and its owner and sole employee, Aaron Fletcher ("Fletcher"), and misled the SBC as to the Town's ability to cover its debt service for the proposed bonds.  *Id*.   Investors in the 2017 Bonds and 2018 Bonds were not informed that the Town had obtained SBC approval of the Bonds based on false projections.  *Id*.   In addition, the Town and Breland did not disclose to investors in the 2017 Bonds and 2018 Bonds that the Town, at Breland's direction, misused over $3 million from earlier bond offerings.  *Id*.

The S.E.C. contends that, by engaging in the foregoing conduct, Breland violated Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(1) and (3)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and, aided and abetted the Town's violation of Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].  *Id*.

Consequently, the S.E.C. seeks a judgment that (1) permanently enjoins Breland from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (2) orders Breland to pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; (3) permanently enjoins Breland from participating in any issuance, purchase, offer, or sale of municipal Securities, and in the preparation of any materials or information which Breland should reasonably expect to be submitted to the Municipal Securities Rulemaking Board's Electronic Municipal Market Access system, etc.; and (4) orders Breland to provide a copy of the judgment in this matter to any issuer of municipal Securities or obligated person with which or whom Breland is employed as of the date of the entry of the judgment.  *Id*.

On August 12, 2022, Breland filed his Answer to the Complaint, wherein he asserted ten affirmative defenses. (Answer [doc. # 6]).

On August 23, 2022, the S.E.C. filed the instant motion to strike Breland's affirmative defenses on the basis that they are not really affirmative defenses, or they otherwise are irrelevant.

On September 12, 2022, Breland filed his opposition to the motion to strike. (Pl. Opp. [doc. # 12]). The S.E.C. did not file a reply, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 9]. Accordingly, the matter is ripe.

## Standard of Review

Motions to strike are governed by Rule 12(f), which authorizes a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike are disfavored and infrequently granted." *U.S. v. Cushman & Wakefield, Inc.*, 275 F. Supp.2d 763, 767 (N.D. Tex. 2002) (*citing Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962)). As the Fifth Circuit has noted,

> [p]artly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. * * * It is a drastic remedy to be resorted to only when required for the purpose of justice. * * * The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.

*Augustus*, 306 F.2d at 868 (citing *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953).

Moreover, "[a] disputed question of fact cannot be decided on a motion to strike . . . [and] when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."

3

*Augustus*, 306 F.2d at 868. When questions of fact or law are present, the court should ". . . defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id*. Nevertheless, a motion to strike a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

Federal Rule of Civil Procedure 8(b)(1) requires a responding party to "state in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b)(1)(A). Further, Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense," and lists eighteen, non-exhaustive affirmative defenses that must be affirmatively stated. FED. R. CIV. P. 8(c)(1). "A defendant must plead with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (citation and internal quotation marks omitted). The "fair notice" pleading requirement is satisfied if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

## Analysis

The court will address each of Breland's affirmative defenses, in turn, in the order addressed in the motion.

    **A.**     **Plaintiff has failed to state a claim or cause of action because the Louisiana State Bond Commissioner is neither a purchase[r] or seller of a security as required under the federal securities law.**

**Argument/Disposition:** The S.E.C. seeks to strike this affirmative defense because it "is not a defense to anything." In support of its argument, the S.E.C. cited *United States v. Naftalin*

4

wherein the Supreme Court emphasized that § 17(a) of the Securities Act of 1933 "does not require that the victim of the fraud be an investor—only that the fraud occur 'in' an offer or sale." *U. S. v. Naftalin*, 441 U.S. 768, 772; 99 S.Ct. 2077, 2081 (1979).

In response to the motion, Breland cited a decision in which the Supreme Court concluded that a "fraudulent misrepresentation or omission is not made 'in connection with' . . . a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387; 134 S.Ct. 1058, 1066 (2014) (quoted source omitted).

On one level, Breland is correct. The Louisiana Bond Commission was not a purchaser or seller of the security. Ultimately, however, that proves immaterial because the S.E.C. alleged that the investors who purchased the bonds were advised that the Bond Commission had approved the bonds – approval that was obtained via alleged fraudulent misrepresentations.

The court finds that Breland's Affirmative Defense A is immaterial and insufficient as a matter of law.

> **B.** **Plaintiff has failed to state a claim or cause of action because no misrepresentation or omission was made to any purchaser of a security as required under the federal securities law and no purchaser relied upon any misrepresentation which is the subject of the lawsuit**.

**Argument/Disposition:** The S.E.C. argues that the first portion of this "defense" is simply a denial of the S.E.C.'s allegations, and, thus, should be stricken as redundant. It further contends that the second portion of the defense is irrelevant because the S.E.C. need not prove "investor reliance, loss causation, or damages in an action under Section 10(b) of the Exchange Act, Rule 10b–5, or Section 17(a) of the Securities Act." *S.E.C. v. Credit Bancorp, Ltd.*, 195 F.Supp.2d 475, 490–91 (S.D.N.Y. 2002) (citations omitted).

In response, Breland simply sets forth additional facts to show that the purchasers of the bonds were provided audits that identified the alleged misuse of the bonds.

Upon consideration, the court agrees with the S.E.C. that Affirmative Defense B is redundant and/or irrelevant.

> **C.** **Plaintiff has failed to state a claim or cause of action because to the extent that any alleged misrepresentation or omission in fact exists, the holder of the security has not suffered any damages.**

**Argument/Disposition:** The S.E.C. argues that this statement is not an affirmative defense because damages are not an element of an S.E.C. claim. *See Credit Bancorp, Ltd, supra*.[1] Breland responds that if this defense is stricken, then he cannot adduce evidence regarding this fact at trial.

The court agrees with the S.E.C. that Affirmative Defense C is insufficient as a matter of law. Whether Breland may adduce evidence at trial regarding the security holder's alleged failure to sustain a loss is an issue reserved for trial or a future motion in limine.

> **D.** **Plaintiff has failed to state a claim or cause of action because Defendant is a person with no experience or expertise in bond issuances or securities law. Plaintiff relied solely upon the advice and expertise of legal counsel and the advisor retained by the City of Sterlington in preparing the projections, offering the bonds, and the legality of using the bond proceeds for the purposes the proceeds were used for. This Offering was a private placement. There is no[ ] requirement that an offering memorandum be prepared or that the information which is the subject of the claim of Plaintiff be included in an offering Memorandum. The purchasers of the securities were sophisticated parties and accredited investors.**

---

[1] "Congress, in empowering the courts to enjoin any practice which operates 'as a fraud or deceit' upon a client, did not intend to require proof of intent to injure and actual injury to the client." *Sec. & Exch. Comm'n v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 195; 84 S.Ct. 275, 284 (1963) (quoted source omitted).

  and

**I.** **Plaintiff has failed to state a claim or cause of action because to the extent any misrepresentation or omission of a material fact occurred, the other defendants named in Par. 21 of the complaint were professionals retained by the City of Sterlington and Defendant was entitled to rely upon their expertise to complete the offering including the required disclosures and contents of the projections and what was the proper use of proceeds of the prior bond offerings. Defendant has no expertise in the offering and selling of any securities**.

**Argument/Disposition:** Citing a criminal case,[2] the S.E.C. argues that insofar as these two statements constitute an affirmative defense, Breland has not properly pled or proven all of the elements of the defense. However, Breland provided the S.E.C. with fair notice of the possible defense(s). If the S.E.C. requires additional details regarding the defense(s), then it may seek same via discovery.

  The S.E.C. also argues that the latter part of Affirmative Defense D is irrelevant because misrepresentations and omissions need not be included in an offering memorandum. However, the S.E.C. cited no authority to support of its argument. Therefore, the S.E.C. has not established that the defense is insufficient as a matter of law.

  Accordingly, the S.E.C.'s objections to Affirmative Defenses D and I are overruled.

---

[2] *See United States v. Vernon*, 723 F.3d 1234, 1269 (11th Cir. 2013).

> E. **Plaintiff has failed to state a claim or cause of action because the disclosure of the actual expenditure of funds from the prior bond offerings by the City of Sterlington was not a material fact that would have in any way impacted purchasers' decision to purchase the bonds. Purchaser was given the audits of each of these years disclosing these issues prior to the time the bonds were purchased by the Purchaser.**

**Argument/Disposition:** The S.E.C. seeks to strike this defense on the basis that it merely disputes the S.E.C.'s allegation that the misrepresentations were material. In response, Breland sets forth additional facts to show that the purchasers of the bonds were provided audits that identified the alleged misuse of the bonds.

Upon consideration, the court finds that Affirmative Defense E is redundant.

> F. **Plaintiff has failed to state a claim or cause of action because to the extent any misrepresentation exists as to the use of the funds, the proceeds from the bond issuance were always used for a[n] expenditure to operate the City of Sterlington, and no proceeds were misappropriated for any personal use by the Defendant.**

**Argument/Disposition:** The S.E.C. seeks to strike this defense as irrelevant because Breland is not charged with misappropriation of proceeds. Breland responds that, if this defense is stricken, then he will be unable to adduce evidence regarding this fact at trial.

Neither side submitted case law to show whether the fact that Breland failed to misappropriate proceeds for personal use constitutes an affirmative defense. Therefore, the S.E.C. has not established that the defense is insufficient as a matter of law.

The S.E.C.'s objection to Affirmative Defense F is overruled.

> G. **Plaintiff has failed to state a claim or cause of action because the facts are uncontested that the use of funds by the City of Sterlington on prior bond issuances were fully disclosed to the purchasers prior to the time they purchased the Bonds.**
>
> and

8

> **H.** **Plaintiff has failed to state a claim or cause of action because Plaintiff has not alleged any facts in the complaint to show that the projections used in conjunction with the Bond Offering were not a reasonable estimation of the future income of the City of Sterlington including its actual operations to the date of this pleading, and in fact, the revenue from the operations of the City has adequately serviced the bonds held by purchasers. Defendant did not prepare the projections, had no expertise in preparing the projections, did not willfully misrepresent any information in the projection and was not reckless in preparing the projections.**

**Argument/Disposition:** The S.E.C. seeks to strike these two defenses because (1) the fact that the Town met its obligations is not a defense, and (2) the remaining assertions are simply denials of the S.E.C.'s allegations, and, thus, redundant.

Breland responded to the S.E.C.'s arguments only with respect to Affirmative Defense H, to which he re-urged his response pertaining to Affirmative Defense D. However, the last sentence of Affirmative Defense H simply appears to be a denial of the scienter element of the S.E.C.'s claim. Accordingly, it is redundant.

Upon consideration, the court finds that Affirmative Defenses G and H are redundant.

> **J.** **Defendant has been indicted in a criminal proceeding pending in the Fourth District Judicial Court entitled State of Louisiana vs. Vern A. Breland, Criminal Docket No. 20-CR003929-5 in Ouachita Parish, State of Louisiana. The federal complaint of the securities and Exchange Commission matter should be stayed or dismissed until the criminal matter pending in state court is dismissed or tried.**

**Argument/Disposition:** The S.E.C. argues that a stay is not an affirmative defense, and, in any event, a stay is not warranted. Breland does not meaningfully contest that a stay is not an affirmative defense. Instead, he argues the merits of his stay request.

The court agrees with the S.E.C. that a request to stay or dismiss the matter is not an affirmative defense. Furthermore, the court declines to rule on the merits of Breland's stay

request in the context of the present motion to strike affirmative defenses. If warranted, Breland may file a standalone motion to stay that is properly supported, i.e., that includes written filings from the criminal case that detail the charges in the indictment against him, the status of the criminal case, and when it is set for trial.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the United States Securities and Exchange Commission's motion to strike affirmative defenses [doc. # 7] be GRANTED IN PART and that Affirmative Defenses A, B, C, E, G, H, & and J be STRICKEN. FED. R. CIV. P. 12(f).

IT IS FURTHER RECOMMENDED that the motion [doc. # 7] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 6th day of December, 2022.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE